## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GUPREET S.,** | **Civil Action No. 21-47 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **H.O. THOMAS DECKER, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Gupreet S., filed pursuant to 28 U.S.C. § 2241. (ECF No. 2). Following an order to answer, the Government filed a response to the petition (ECF No. 25). Petitioner thereafter filed a reply. (ECF No. 27). For the reasons set forth below, this Court will deny the petition without prejudice.[1]

## I.  BACKGROUND

Petitioner is a native of India who entered the United States as a lawful permanent resident in March 2008. (Document No. 1 attached to ECF No. 25 at 2). He became a naturalized citizen of the United States in April 2012. (*Id.*). He was thereafter arrested on sexual abuse charges, to which he pled guilty in August 2012. (*Id.*). Petitioner later had this conviction overturned in 2018 as he was "not advised about immigration consequences" when he pled guilty. (*Id.*).

---

[1] Although Petitioner was transferred out of the territorial jurisdiction of this Court in June 2021 (*see* ECF No. 28), because he was detained within this Court's jurisdiction when he filed his habeas petition, this Court retains jurisdiction over this matter. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (District Court retains jurisdiction over properly filed immigration habeas even if petitioner is moved out of the court's territorial jurisdiction).

In July 2017, Petitioner was convicted of unlawful procurement of naturalization for failing to disclose that he had committed a crime in his citizenship application. (*Id.*). His naturalization and citizenship were therefore revoked on July 13, 2017. (*Id.* at 3). Following his release from prison in August 2017, Petitioner was taken into immigration custody and placed in removal proceedings. (*Id.*). He was ordered removed in January 2020. (*Id.*). Petitioner appealed, and the Board of Immigration Appeals dismissed that appeal on June 26, 2020. (*Id.*). Petitioner thereafter filed a petition for review with the Second Circuit. (*Id.* at 4). On July 14, 2021, the Second Circuit dismissed that petition as it "lack[ed] an arguable basis either in law or in fact." (*See* Second Circuit Docket No. 20-2168 at Document No. 47). The Second Circuit also denied Petitioner's motion seeking a stay of removal. (*Id.*).

On August 24, 2020, ICE received notification from the Indian Consulate that Petitioner had effectively renounced his Indian citizenship through his now revoked naturalization, and that Petitioner would have to reapply for Indian citizenship before he could be removed. (Document No. 1 attached to ECF No. 25). Although Petitioner initially refused to comply with this requirement, he eventually completed the application and submitted it on October 29, 2020. (*Id.*). The Indian consulate confirmed its receipt of that application in March 2021. (*Id.* at 5). In light of that confirmation, the Government "expects to have no impediment to removal [following the dismissal of Petitioner's petition for review by the Second Circuit] once [Petitioner]'s citizenship application is approved." (*Id.*).

Because Petitioner is being held subject to a final order of removal, an immigration judge provided him with a bond hearing pursuant to the Third Circuit's ruling in *Guerrero-Sanchez v. Warden York County Prison*, 905 F3.d 208 (3d Cir. 2018), on January 28, 2021. (*Id.* at 4-5). Following that hearing, Petitioner was denied release on bond as the immigration judge found that

the Government met its burden of showing by clear and convincing evidence that Petitioner was both a danger to the community and a flight risk. (*Id.*). Petitioner appealed that decision, but his bond appeal apparently remains pending before the BIA at this time. (*Id.*; Document 4 attached to ECF No. 25).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued immigration detention has become overlong and that he should therefore either receive a bond hearing or be released. Because Petitioner is subject to an administratively final order of removal and his motion seeking a stay of removal was denied by the Second Circuit, his detention arises out of § 1231(a), which applies to post-final order detention in the absence of a court-ordered stay of removal. *See, e.g.,*

*Leslie v. Att'y Gen.*, 678 F.3d 265, 268-72 (3d Cir. 2012).  Because Petitioner is detained under §

1231(a), the propriety of his current period of detention is controlled by the Supreme Court's

decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty.*

*Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018).  As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney
> General is directed to complete removal within a period of 90 days,
> 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that
> period, § 1231(a)(2).  After that time elapses, however, § 1231(a)(6)
> provides only that aliens "*may* be detained" while efforts to
> complete removal continue.  (Emphasis added).
>
>     In *Zadvydas*, the Court construed § 1231(a)(6) to mean that
> an alien who has been ordered removed may not be detained beyond
> "a period reasonably necessary to secure removal," [533 U.S. at
> 699,] and it further held that six months is a presumptively
> reasonable period, *id.* [at 701.]  After that, the Court concluded, if
> the alien provides good reason to believe that there is no significant
> likelihood of removal in the reasonably foreseeable future," the
> Government must either rebut that showing or release the alien.
> *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018).

    In *Guerrero-Sanchez*, the Third Circuit adopted an additional avenue for relief in § 1231(a)

cases, requiring that aliens detained under that statute for over six months are automatically entitled

to a bond hearing.  905 F.3d at 225-26.  At such a bond hearing, the Government is required to

prove by clear and convincing evidence that the alien in question is either a flight risk or a danger

to the community to justify continued detention without bond.  *Id.*  In this case, Petitioner received

just such a bond hearing, and was denied bond when the immigration judge found him to be a

flight risk and danger to the community.  Although Petitioner argues in cursory fashion in his reply

brief that his hearing was "not individualized" and that he believes it is "doubtful" the Government

met its burden of proving he was a danger or flight risk by clear and convincing evidence, he has

failed to provide anything other than his own disagreement with the immigration judge's decision

in support of his assertion that his bond hearing was in any way improper.  Petitioner has utterly failed to show that he was in any way denied Due Process at his bond hearing, and *Guerrero-Sanchez* does not give this Court carte blanche to second guess the decision of an immigration judge to deny bond in the absence of a clear showing of some procedural defect in the bond proceedings.

As Petitioner fully appears to have received all the process he was due under *Guerrero-Sanchez*, he would only be entitled to relief if he could make the showing required by *Zadvydas* – "good reason to believe" that his removal is not likely in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. at 843.  Here, Petitioner has failed to give the Court any reason to believe that his removal is not likely in the reasonably foreseeable future.  As recounted above, Petitioner is subject to a final order of removal, his petition for review was dismissed as utterly meritless by the Second Circuit, and the consulate of India has indicated that it has received and is processing his application for citizenship and a travel document.  Once such a document is issued – and Petitioner has failed to give the Court any reason to believe that such a document will not be issued in the near future – no legal bar to his swift removal will remain.  Petitioner has thus failed to meet his initial burden under *Zadvydas*, and even if he had done so, the Government has clearly shown that his removal is quite likely in the reasonably foreseeable future.  Petitioner's habeas petition is therefore denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition (ECF No. 2) without prejudice.  An appropriate order follows.


_**s/Susan D. Wigenton**_
Hon. Susan D. Wigenton,
United States District Judge